INTERNATIONAL UTILITIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106374.    Promulgated November 24, 1942.

*R. H. Appert, Esq.*, for the petitioner.
*Z. N. Diamond, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge:* The Commissioner determined a deficiency of $75,013.35 in the income tax of the American Equities Co. for the year 1936. He also determined that petitioner, International Utilities Corporation, is liable therefor as transferee. The case is submitted upon a stipulation of facts with exhibits attached. The return of the American Equities Co. for 1936 was filed with the collector for the district of Delaware, and that of the petitioner was filed with the collector for the second district of New York.

On its return for 1936 the American Equities Co. reported net income of $147,224.55, but there was no normal tax due because of the deduction of a dividends received credit of $261,338.02, and no surtax on undistributed profits because of the deduction of a dividends paid credit of $323,066.03. In the notice of deficiency respondent increased net income to $333,215.40 by disallowing claimed losses on

investment and on foreign exchange in the respective amounts of $149,453.38 and $37,714.47, and he made a minor adjustment in the taxpayer's favor. In computing the normal tax he allowed the dividends received credit of $261,338.02, but disallowed the dividends paid credit in computing the surtax on undistributed profits.

In the petition it was alleged that respondent erred in determining that petitioner was liable as transferee and in failing to give effect to the statute of limitations. These assignments of error have now been waived and abandoned. The petitioner has also abandoned the issue as to the deductibility ·of the loss on foreign exchange in the sum of $37,714.47; and the parties have stipulated that of the loss on investment claimed and disallowed in the amount of $149,453.38, the sum of $74,726.69 is properly allowable as a deduction.

The result of these stipulations is that the American Equities Co. had net income of $258,488.71 for income tax and surtax computation for the year 1936. There is no normal tax due on this amount, because of the allowance of the dividends received credit in a greater amount. The only issue remaining, therefore, is the allowance of a credit in the computation of the surtax on undistributed profits.

On December 31, 1935, the American Equities Co. had no earnings and profits accumulated since February 28, 1913. During the calendar year 1936 it sustained capital losses of $3,075,132.02 in excess of capital gains. Only $2,000 of such capital losses in excess of capital gains has been claimed or allowed as a deduction in computing the net income of $258,488.71. On December 8, 1936, the board of directors of the American Equities Co. adopted a resolution purporting to declare a dividend of 22½ cents per share on its outstanding stock. Pursuant to this resolution the company on December 22, 1936, distributed the sum of $323,066.03 in cash to its stockholders.

Respondent denied a dividends paid credit because the company had no accumulated earnings and no earnings of the current taxable year. This result was reached by giving effect to the excessive capital losses in determining whether there were earnings of the current taxable year, even though they were not allowable deductions in computing net income for tax purposes. *Inland Investors, Inc.*, 44 B. T. A. 654, 657.

This issue, however, must be decided in petitioner's favor by reason of the enactment of section 501 (a) (3) and (b) of the Revenue Act of 1942, which provides as follows:

SEC. 501. ADDITIONAL CREDITS FOR UNDISTRIBUTED PROFITS TAX.

(a) AMENDMENTS TO THE REVENUE ACT OF 1936.—

\* \* \* \* \* \* \*

(3) Section 26 of the Revenue Act of 1936 (relating to credits of corporations) is amended by adding at the end thereof the following new subsections:

"(f) Deficit Credit.—The amount by which the adjusted net income exceeds the sum of (1) the earnings and profits accumulated after February 28, 1913, as of the beginning of the taxable year, and (2) the earnings and profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year). * * *"

* * * * * * *

(b) Effective Date of Amendments.—The amendments made by subsection (a) shall be effective as of the date of the enactment of the Revenue Act of 1936.

This relief provision is by its terms made applicable to the year 1936, the year here involved. Since the American Equities Co. had no accumulated earnings at the beginning of the tax year, and the basis of respondent's determination of the deficiency was that there were no earnings of the current tax year, a deficit credit is allowable to the full extent of the stipulated adjusted net income. (See example (1) in House Report 2333, 77th Cong., 2d sess., p. 171, and example (4) in Senate Report 1631, 77th Cong., 2d sess., p. 246.)

*Decision will be entered for the petitioner.*